**RAPID CITY JOURNAL COMPANY, a corporation, Petitioner,**

v.

**The CIRCUIT COURT OF the EIGHTH JUDICIAL CIRCUIT WITHIN AND FOR LAWRENCE COUNTY, South Dakota and the Honorable R. E. Brandenburg, Judge of Said Court, Respondents.**

**No. 12960.**

Supreme Court of South Dakota.

Dec. 19, 1979.

George A. Bangs of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for petitioner.

R. E. Brandenburg, pro se.

MORGAN, Justice.

This proceeding arises out of the action of a circuit judge, acting as a committing magistrate (magistrate), in closing to the public and the press a preliminary hearing scheduled for two defendants charged with murder in the case of *State v. John Archambault and Garland Gregory.* Upon motion of counsel for the defendants, joined in by the prosecution, the magistrate announced that he intended to clear the courtroom. Petitioner's reporter, who was in the courtroom, objected to the magistrate's action on the basis of our recent decision in *Rapid City Journal v. Tice, Jr.,* 283 N.W.2d 563 (S.D.1979). Later that day, one of petitioner's counsel appeared and sought a *Tice*-type hearing to no avail. Petitioner then applied to this court for a writ of mandamus and an alternative writ was issued.

We have considered the case on its merits, and conclude that the method used by the trial court to exclude the public was improper.

When presented with the request by petitioner's representatives, the magistrate indicated that he read *Tice* as applying only to the actual trial. We hold that he was in error.

The fact situation presented here is exactly the same as was presented in *Tice*, except that *Tice* dealt with the closure of the *voir dire* of the jury, which is a part of the trial, and the proceeding here was pretrial.

■ As in *Tice*, the particular proceeding in question was concluded before our alternative writ was served. Further, the magistrate has recused himself from acting further in the matter as a trial judge. We do not consider the proceeding moot, however, inasmuch as the writ requested relief for any pretrial proceedings, preliminary hearings, or other matters connected with the case and was addressed to the Circuit Court of the Eighth Judicial Circuit within and for Lawrence County as well as to the particular judge.

■ Our decision in *Tice* was, first of all, based on the recent decision of the Supreme Court of the United States in *Gannett Co. v. DePasquale*, —— U.S. ——, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979), which dealt with a pretrial suppression hearing. Our decision merely adopted the rationale of that decision and extended it to the *voir dire* portion of the trial then under consideration.

Furthermore, in *Tice*, we set forth a procedure requiring a hearing after notice which must be used by trial courts whenever they consider closing judicial proceedings. We specifically pointed out in footnote 18 that:

> The more usual case where this procedure will be necessary is in a fact situation such as was presented in the *Gannett* case where exclusion stemmed from the defendant's fear that adverse pretrial publicity would preclude him from finding an impartial jury if potentially inadmissible evidence discussed at a pretrial suppression hearing were publicized by the media.

We, therefore, reaffirm our decision in *Tice* and state affirmatively that the holding in that case applies to all courtroom proceedings in criminal cases, whether at the pretrial or trial stage, with the exception, of course, of jury deliberations.

As to some practical questions raised in response to our alternative writ, such as the length of the notice and the practicality of conducting a hearing that would disclose the evidence which the defendant seeks to suppress, we decline to attempt to foretell all of the possible situations under which these questions can arise. The length of notice of hearing should be maximized to the extent permissible under any speedy trial requirements imposed by statute or rule. We leave it to the good judgment of the trial courts, on an *ad hoc* basis, to restrict the information adduced at the hearing to such summary or capsulated form as will prevent full disclosure of the content. We also suggest the possibility that the trial court could review in camera such evidence as is sought to be suppressed. In any event, however, the judge, before closing the proceeding, must determine that a factual basis exists why the right of access must be restricted in order to guarantee the defendant a fair trial.

While we conclude that an order vacating the Magistrate's order would serve no purpose, we do order, adjudge, and direct the court of the Eighth Judicial Circuit within and for Lawrence County to permit any representative or reporter of the petitioner to attend any pretrial hearings or other matters connected with the case of *State of South Dakota v. John Archambault and Garland Gregory* unless there has been a hearing held and findings of fact and conclusions of law entered determining that attendance at the courtroom will jeopardize the defendants' right to a fair trial.

WOLLMAN, C. J., and DUNN and HENDERSON, JJ., concur.

FOSHEIM, Justice, dissents.

FOSHEIM, Justice (dissenting).

The preliminary hearing had been concluded when the alternative writ of mandamus was issued. The judge who conducted the hearing and to whom the writ was addressed has recused himself in the case. The grievance of relator no longer exists either as to the proceeding or the judge.

According to the majority opinion, the problem arose because the trial judge misread our decision in *Rapid City Journal v. Tice Jr.* 283 N.W.2d 563 (S.D.1979). Then, on the apparent assumption that Judge Brandenburg's successor will do likewise, the opinion deviates from the express purpose of mandamus (see SDCL 21–29–1) and attempts to suggest procedural direction to those unknown who have done and very likely will do nothing that requires mandamus. Furthermore, the suggestions seem to raise additional serious questions. While this is not the maiden voyage of this court into mooted waters, I question the advisability of opining in this setting as to abstract matters which may never re-occur.

In my opinion, we should simply quash the writ. If procedural direction is appropriate, it can, and should, be provided by a rule in the pattern of our sister state of Minnesota that can be more readily changed if modification is indicated.